IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE ON BEHALF OF AARAYAH L. V. DAVID W.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA ON BEHALF OF AARAYAH L., A MINOR CHILD, APPELLEE,

V.

DAVID W., APPELLANT, AND AALIYAH L., APPELLEE.

Filed January 27, 2026.    No. A-25-264.

Appeal from the District Court for Douglas County: JAMES M. MASTELLER, Judge. Affirmed.

David W., pro se.

Sarah M. Hart, of Hightower Reff Law, L.L.C., for appellee Aaliyah L.

RIEDMANN, Chief Judge, and PIRTLE and FREEMAN, Judges.

PIRTLE, Judge.

## INTRODUCTION

David W. appeals from an order of the district court for Douglas County granting Aaliyah L.'s request to modify custody and child support. The modification awarded Aaliyah sole legal and physical custody and increased David's child support obligation. Based on the reasons that follow, we affirm.

## BACKGROUND

David and Aaliyah are the parents of a minor child, Aarayah L., born in 2019. They never married, and paternity was established after the State sought an order of paternity and support in 2020. Thereafter, in January 2022, David and Aaliyah were awarded joint legal custody of Aarayah and Aaliyah was awarded primary physical custody.

- 1 -

In April 2022, David filed a complaint to modify, and in January 2023, the custody arrangement was modified to joint legal and joint physical custody. Aaliyah then filed this complaint for modification in June 2024 seeking sole legal and physical custody, and David counterclaimed for modification, also seeking sole legal and physical custody.

Trial was held in March 2025. Aaliyah was represented by counsel, and David appeared pro se. David requested a continuance to obtain legal representation, which the court denied and trial proceeded.

The State proceeded first and offered a child support calculation as an aid to the court and a Wage Verification File, which showed David's earnings from 2022 to 2024, which was received into evidence. The State was then excused from the trial.

Aaliyah then took the stand and early in her testimony David began interrupting. After several admonishments from the court to stop interrupting, the court told him he would be asked to leave if he continued his behavior. David said he would leave right then and he walked out of the courtroom, stating he would appeal the court's order. Trial then proceeded without him.

Aaliyah testified that at the time her complaint for modification was filed in June 2024, David had a pending charge against him for caretaker neglect. He was charged in January 2024, due to leaving Aarayah at Aaliyah's apartment building when she was not home. He was ultimately convicted of disturbing the peace.

Aaliyah also testified that there were several criminal charges pending against David at the time of trial. In October 2024, he was charged in Douglas County Court with driving under the influence (DUI), obstructing a peace officer, possession of marijuana, and open alcohol container. Aaliyah testified that David was also facing criminal charges in Sarpy County District Court. In January 2025, an information was filed charging David with third degree assault on an officer, attempted assault on a public safety officer with bodily fluid, attempted third degree assault, DUI, and driving under revocation.

Aaliyah testified that she was concerned about David's pending criminal charges because she was worried this behavior would continue. She also believed his criminal behavior was escalating.

Aaliyah testified David had made numerous unilateral decisions with respect to Aarayah, including enrolling her in a different daycare, attempting to get state benefits in her name, and enrolling her in sports. Whenever Aaliyah disagreed with a decision he made, David would threaten to take her back to court or threaten to keep Aarayah away from her. David had filed at least four contempt actions, five protection orders, and a small claims case against Aaliyah. None of the protection orders were granted. He had also made false reports about Aaliyah to Child Protective Services (CPS) and law enforcement, all of which were unfounded or dismissed.

Aaliyah testified that David had never been up to date on child support unless his tax refund was intercepted. She testified that despite not being current on child support, David attempted to claim Aarayah on his taxes.

Aaliyah presented a proposed child support calculation as an aid to the court and testified that it used the same income for David that was used in a child support calculation for another child of his. The calculation also gave him credit for his child support obligation for his other child and gave Aaliyah the child tax credit. Aaliyah's proposed calculation required David to pay $408 per month for child support.

The guardian ad litem (GAL) testified that she met with Aaliyah and Aarayah at Aaliyah's home. She had no concerns about Aaliyah's residence or her parenting. The GAL had a phone call with David on November 7, 2024, but she never met with him in person because he wanted to meet at the child's daycare instead of at his home. She later learned that David was no longer having parenting time with Aarayah. On October 29, David dropped Aarayah off at daycare and told Aaliyah he could not co-parent with her anymore and that he would not be exercising any of his parenting time until the next hearing, when he was going to ask for a change in parenting time.

The GAL testified she had several concerns about the pending criminal charges against David. First, David had not been truthful to her about his pending charges. When she spoke with him, he did not report the Douglas County charges to her and the case had been pending for two months at that time. Second, David did not tell the GAL the truth about why he could not meet on an agreed upon date where she was going to visit his home. Third, she was concerned that he had two pending cases in two different counties for the same type of behavior. The GAL opined that Aaliyah should be awarded sole legal and sole physical custody.

Allisha Lucas, who has a 6 year old child with David, also testified. Based on a decree of paternity entered in April 2024, Lucas had sole legal and physical custody of her son and David had no parenting time with the minor child. Lucas testified that prior to the decree, David called CPS on her "all the time," and tried to bring her to court numerous times for random reasons.

Lucas testified that there have been multiple protection orders between herself and David because David is a "violent, scary person." She testified that he went to jail for a strangulation conviction in which she was the victim. She stated David had violated protection orders she had against him multiple times. After one protection order was entered that included the child, David took the child from daycare and tried to hide the child from her.

The district court entered an order on March 12, 2025, granting Aaliyah's complaint for modification and denying David's counterclaim for lack of prosecution. The court described David's conduct at the start of trial as "unmannerly" and stated he "voluntarily absented himself from the courtroom." The court found a material change in circumstances existed and it was in Aarayah's best interests that custody be modified, and that a modification of child support was warranted. The court awarded Aaliyah sole legal custody and sole physical custody of Aarayah and ordered David to pay $408 per month for child support. David was not awarded any parenting time due to his "history of domestic abuse and substance use." The court provided David could remediate the issue of parenting time by completing a co-occurring substance abuse evaluation, an anger management or batterer's intervention program, and follow all resulting recommendations.

## ASSIGNMENTS OF ERROR

David assigns, renumbered, that the district court erred in: (1) awarding custody to Aaliyah, despite evidence of abuse and neglect toward Aarayah; (2) failing to adequately consider the best interests of Aarayah; and (3) entering a child support order based on false or inaccurate financial information and improper legal documents from unrelated cases. David further alleges that Aaliyah's attorney committed misconduct by introducing irrelevant and prejudicial information to influence the court.

STANDARD OF REVIEW

Modification of a judgment or decree relating to child custody, visitation, or support is a matter entrusted to the discretion of the trial court, whose order is reviewed de novo on the record, and will be affirmed absent an abuse of discretion. *Jones v. Colgrove*, 319 Neb. 461, 24 N.W.3d 1 (2025).

ANALYSIS

*Legal and Physical Custody.*

David's first two assignments of error allege that the district court erred in finding it was in the child's best interests that custody be modified and in awarding sole legal and physical custody to Aarayah.

Ordinarily, custody and parenting time of a minor child will not be modified unless there has been a material change in circumstances showing that the best interests of the child require modification. *Lindblad v. Lindblad*, 309 Neb. 776, 962 N.W.2d 545 (2021). Modifying a custody or parenting time order requires two steps of proof. *Id.* First, the party seeking modification must show by a preponderance of the evidence a material change in circumstances that has occurred after the entry of the previous custody order and that affects the best interests of the child. *Id.* Second, the party seeking modification must prove that changing the child's custody or parenting time is in the child's best interests. *Id.*

A material change in circumstances is the occurrence of something that, if it had been known at the time the most recent custody order was entered, would have persuaded that court to decree differently. *Conley v. Conley*, 33 Neb. App. 98, 11 N.W.3d 671 (2024). Proof of a material change in circumstances is the threshold inquiry in a proceeding on a complaint to modify. See *Winkler v. Winkler*, 31 Neb. App. 162, 978 N.W.2d 346 (2022).

When determining the best interests of the child in the context of custody, a court must consider, at a minimum, (1) the relationship of the minor child to each parent prior to the commencement of the action; (2) the desires and wishes of a sufficiently mature child, if based on sound reasoning; (3) the general health, welfare, and social behavior of the child; (4) credible evidence of abuse inflicted on any family or household member; and (5) credible evidence of child abuse or neglect or domestic intimate partner abuse. *Jones v. Jones*, 305 Neb. 615, 941 N.W.2d 501 (2020). Other relevant considerations include stability in the child's routine, minimalization of contact and conflict between the parents, and the general nature and health of the individual child. *Id.* No single factor is determinative, and different factors may weigh more heavily in the court's analysis, depending on the evidence presented in each case. *Id.* The one constant is that the child's best interests are always the standard by which any custody or parenting time determination is made. *Id.*

In the present case, Aaliyah testified David had made numerous unilateral decisions with respect to Aarayah, including enrolling her in a different daycare, attempting to get state benefits in her name, and enrolling her in sports. Whenever Aaliyah disagreed with a decision he made, David would threaten to take her back to court or threaten to keep Aarayah away from her. It is clear that David does not and will not communicate with Aaliyah on legal custody decisions that affect the minor child.

- 4 -

David had also filed contempt actions, protection orders, and a small claims case against Aaliyah. In addition, he had made false reports about her to CPS and law enforcement, all of which were unfounded or dismissed. David had engaged in similar behavior with the mother of his other child.

Since the last modification in January 2023, David has had multiple criminal charges against him. He was charged with caretaker neglect involving Aarayah and was ultimately convicted of disturbing the peace. At the time of trial, he had charges pending against him in two counties, which included two DUI's and several assault or attempted assault related charges. Aaliyah was concerned that David's criminal behavior would continue. She also believed his criminal behavior was escalating.

The GAL testified that David had not been honest about all the charges he was facing at the time they talked or about the fact he was no longer having visits with Aarayah. The GAL believed that Aaliyah should be granted sole legal and physical custody.

David did not present any evidence to dispute the evidence presented by Aaliyah, nor did he present any evidence of Aaliyah's alleged abuse and neglect of Aarayah. He left the courtroom shortly after the trial began and presented no evidence at all. After hearing the evidence presented by Aaliyah, the district court found a material change in circumstances existed and that it was in Aarayah's best interests that custody be modified. We find no abuse of discretion in the district court's modification of custody. David's first two assignments of error are without merit.

*Child Support.*

David next assigns that the district court erred in entering a child support order based on false or inaccurate financial information and improper legal documents from unrelated cases. He argues that instead of using his gross income, the court relied on a decree from an unrelated case, which inflated his child support obligation.

The State presented a child support calculation and a Wage Verification File, which showed David's earnings from 2022 to 2024. Aaliyah presented a proposed child support calculation and testified that it used the same income for David that was used in the child support calculation for his other child in April 2024. Aaliyah's proposed calculation also gave him credit for his child support obligation for his other child and gave Aaliyah the child tax credit. The court adopted Aaliyah's calculation. Given that there was no other evidence presented regarding David's income, we find no abuse of discretion by the district court in its calculation of child support.

*Introduction of Irrelevant and Prejudicial Information.*

David next assigns that Aaliyah's counsel committed misconduct by introducing irrelevant and prejudicial information to influence the court. The alleged misconduct relates to documents being introduced at trial from the paternity case involving his other child. David did not object to the admission of such information at trial. Because David did not raise the issue at trial, we decline to address it. See *Melia v. Hansen*, 31 Neb. App. 517, 985 N.W.2d 418 (2023) (appellate court will not consider argument raised for first time on appeal).

CONCLUSION

The district court's order of modification awarding Aaliyah sole legal and physical custody and modifying David's child support obligation is affirmed.

AFFIRMED.